

```
                                              FILED
                                           MAY 27 2015
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
                                           USDC WP SDNY
```

TRUSTEES OF THE LAUNDRY, DRY CLEANING
WORKERS AND ALLIED INDUSTRIES
RETIREMENT FUND, WORKERS UNITED and
TRUSTEES OF THE LAUNDRY AND DRY
CLEANING WORKERS EDUCATION AND LEGAL           **COMPLAINT**
SERVICES FUND,

          Plaintiffs,

          -against-                                15 CV 4065

FDR SERVICES CORP. OF NEW YORK,                JUDGE BRICCETTI

          Defendant.

      Plaintiffs, by and through their attorney David C. Sapp, Esq., as and for their Complaint against defendant FDR Services Corp. of New York ("Defendant"), allege as follows:

### NATURE OF ACTION

      1.    This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and the terms of multiemployer plans and certain statutory obligations imposed upon the Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

### JURISDICTION AND VENUE

      2.    The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a),(e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f).

      3.    Venue is proper in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e) (2), and 28 U.S.C. § 1391(b), because the Plaintiff employee benefit funds maintain their principal administrative offices at

333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

## PARTIES

4.  Plaintiff Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United ("Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2). Plaintiff Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604.

5.  Plaintiff Laundry and Dry Cleaning Workers Education and Legal Services Fund ("Legal Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Plaintiff Trustees of the Legal Fund are fiduciaries within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Legal Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604.

6.  Upon information and belief, Defendant is a New York corporation having its principal place of business at 44 Newmans Court, Hempstead, New York 11550.

7.  Laundry, Distribution and Food Service Joint Board, Workers United ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements covering all relevant periods herein. Pursuant to said

collective bargaining agreements, contributions to Plaintiff Funds were and are due to be paid monthly by Defendant.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

8. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint with the same force and effect as if set forth at length herein.

9. Contributions to the Retirement Fund from Defendant for the months of February through and including April 2015 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Retirement Fund for contributions in the principal amount of $37,369.68.

10. No prior application has been made for the relief requested herein.

### AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE LEGAL FUND AGAINST DEFENDANT

11. Plaintiff Trustees of the Legal Fund repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint with the same force and effect as if set forth at length herein.

12. Contributions to the Legal Fund from Defendant for the months of February through and including April 2015 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Legal Fund for contributions in the principal amount of $10,336.29.

13. No prior application has been made for the relief requested herein.

## AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF
## TRUSTEES OF THE FUNDS AGAINST DEFENDANT

14. Plaintiff Trustees of the Retirement Fund and Trustees of the Legal Fund repeat and reallege each and every allegation contained in paragraphs "1" through "13" of this Complaint with the same force and effect as if set forth at length herein.

15. Defendant has previously failed and is now failing and, upon information and belief, will continue to fail to make contributions to the Funds in accordance with the terms and conditions of such Funds and the collective bargaining agreement between Defendant and the Union unless restrained by the Court.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United the sum of $37,369.68; and

b. Directing Defendant to pay to the Laundry and Dry Cleaning Workers Education and Legal Services Fund the sum of $10,336.29; and

c. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United and to the Laundry and Dry Cleaning Workers Education and Legal Services Fund interest on the sums set forth in paragraphs "(a)" and "(b)" herein, to be computed at the rate of one percent (1.00%) per month or part thereof pursuant to the Funds' rules and regulations and as mandated by Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B); and

d. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United and to the Laundry and Dry Cleaning Workers Education and Legal Services Fund liquidated damages on the sums set forth in paragraphs "(a)"

and "(b)" herein, to be computed at the rates as prescribed by the Funds, pursuant to the Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C); and

  e. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United and to the Laundry and Dry Cleaning Workers Education and Legal Services Fund attorneys' fees and costs as required by Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  f. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United and to the Laundry and Dry Cleaning Workers Education and Legal Services Fund, and ordering Defendant to make such contributions in accordance with the terms and conditions of the Funds' rules and regulations and the collective bargaining agreement between Defendant and the Union; and

  g. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: May 27, 2015
   White Plains, New York

TRUSTEES OF THE LAUNDRY, DRY CLEANING WORKERS AND ALLIED INDUSTRIES RETIREMENT FUND, WORKERS UNITED and TRUSTEES OF THE LAUNDRY AND DRY CLEANING WORKERS EDUCATION AND LEGAL SERVICES FUND, Plaintiffs

By: _____
  David C. Sapp (DS 5781)

*Attorneys for Plaintiffs*

Alicare, Inc.
333 Westchester Avenue
North Building – First Floor
White Plains, New York 10604
(914) 367-5576
dsapp@amalgamatedlife.com

5